KRAUTH et al. v. CARTER–CRUME CO., Limited.

(Circuit Court of Appeals, Second Circuit. January 13, 1913.)

No. 6.

PATENTS (§ 328*)—INVENTION—AUTOGRAPHIC REGISTER.

The Krauth & Benninghofen patent No. 611,259, for an autographic register, for use in making duplicate records of retail purchases in stores, is void for lack of patentable invention, in view of the state of the art.

Appeal from the Circuit Court of the United States for the Western District of New York; John R. Hazel, Judge.

Suit in equity by Albert Krauth and Christian Benninghofen against the Carter-Crume Company, Limited. Decree for defendant, and complainants appeal. Affirmed.

The following is the opinion of the Circuit Court, by Hazel, District Judge:

The patent in suit, No. 611,259, dated September 27, 1898, granted to Albert Krauth and Christian Benninghofen, relates to improvements in automatic

registers, generally used in stores for the purpose of making on paper duplicate records of retail purchases. The writing paper is placed taut on the tablet and held by the machine, and after the purchase is recorded is withdrawn or detached at the end of the machine, while the carbon paper, which enables the reproduction of the original record, extends transversely from a roll-bearing device at one side of the casing across the tablet and is cut or torn off at the opposite side thereof. Claim 8 only is alleged to be infringed by the defendant. It reads as follows:

"8. In an autographic register, the combination, substantially as set forth, of a casing, a tablet supported thereby, a holder for a roll of carbon paper disposed at one side of the top of the casing, a margin frame over said tablet and hinged at said carbon paper holder, and a flexible flange upon the free edge of said margin frame and arranged to cap down over the side wall of the casing opposite said carbon paper holder and form a flexible clamp and tearing blade."

The elements claimed to be new are a margin frame hinged at the carbon paper holder and a flexible flange upon the free edge of the margin frame. In its original phrasing the eighth claim was rejected by the examiner of patents as too broad, in view of the patentee's prior patent, No. 538,264. It was pointed out by the examiner that the different elements were old, and in his estimation it made no patentable difference that it showed the feature of hinging the margin frame at the side. Thereupon the patentee amended his claim, and substituted the feature of a flexible flange upon the free edge of the margin frame. His acquiescence in the rejection of the claim in its original form, and substitution of an element which palpably was narrower, precludes him from now insisting that his claim should be construed to cover the feature which the patent office rejected. This well-known rule calls for no citation of authorities; but, if one is necessary, the recent ruling on the subject by the Circuit Court of Appeals of the Second Circuit in Victor Talking Machine Co. v. American Graphophone Co., 151 Fed. 601, 81 C. C. A. 145, will undoubtedly be sufficient.

However, I am reasonably satisfied by the evidence that neither the disclaimed feature nor the feature which was added to the combination, in view of the state of the art at the date of the invention, involved patentability. In the prior patent to Shoup, No. 561,350, is shown a flexible flange and the other elements of claim 8, save the hinging of the margin frame at the carbon holder. The Dick patent, No. 525,449, is for an autographic register similar in appearance to the Krauth register in suit. The specification and claims describe a casing, a tablet supported by the casing, a holder for carbon paper at the side of the casing, and a margin frame overlying the tablet. In the Kirby patent, No. 469,665, for an autograph register, practically all the elements in suit are shown. In his structure there is no carbon paper holder, but the carbon feeds from the carbon roll, and is drawn over to the opposite side of the roll, where it is held in place.

The expert witnesses do not agree whether the margin frame of the structure is hinged at one of the ends or at the side, but an examination of the patent would seem to indicate that it is hinged at one end of the casing. But, in my mind, to hinge the margin frame at the side of the roll-containing trough, as in the patent in suit, instead of at the end of the casing, as in the prior art, does not disclose the exercise of invention. The mechanic skilled in the art of making automatic registers would readily have selected the carbon paper holder as a more suitable point for hinging the margin frame. With the trough containing the carbon roll attached to the tablet at the side, it became obvious that the margin frame should cover the trough and be hinged at the carbon roll. While, of course, it was necessary to consider the different co-operative parts affected by hinging the frame in locating such hinging, yet the structures and separate parts of the prior art tended to make the alteration or improvement in question a simple thing. The modification practically followed on the heels of Krauth's prior patent, and very likely expediency and greater convenience in holding the carbon in place on the tablet made it advisable to hinge the frame at the side of the carbon roll. That such modification added to the utility of the device is immaterial, in view of its obvious-

ness. The change in location of the hinging of the frame did not involve the exercise of inventive skill, and no advance was made in the art.

Neither, in my judgment, was the substitution of the so-called flexible flange within the exercise of the inventive faculty. Flexible flanges to facilitate cutting the carbon-paper were not discovered by the patentee. In the Shoup, Dick, Farmer, and Kirby patents flexible flanges were used in connection with the margin frame. It is enough to specialize the Dick patent, in which the carbon paper is clamped in position by the lateral flanges of the frame. The record abundantly shows, I think, that there was no novelty, at the date of the invention in suit, to use a margin frame having a flexible flange so arranged as to enable clamping the carbon at the side of the casing. What the patentee has done was in principle disclosed by the anterior art, and the modification or improvement made by him produced no new result, and falls within the field of the skilled mechanic.

For the foregoing reasons, claim 8 is void for want of patentable invention, and infringement need not be considered. The bill is dismissed, with costs.

Wood & Wood, of New York City, for appellants.

Duell, Warfield & Duell, of New York City (H. S. Duell, of Yonkers, N. Y., and Charles H. Duell and Frederic P. Warfield, both of New York City, of counsel), for appellee.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. While not inclined to give as much importance as Judge Hazel does to the action of the Patent Office, we agree with him that, in view of the state of the art, neither side hinging nor an engagement of the parts effected either by a flexible flange or by a flexible hinge constitute invention.

The decree is affirmed, with costs.